

SO ORDERED,

*Selene D Maddox*

Judge Selene D. Maddox

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

    MACKINLEY ROSS, JR.                                      CASE NO.:  18-11356

    DEBTOR(S).                                                                  CHAPTER 13

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** comes before the Court on the Motion for Comfort Order Regarding Automatic Stay and For Other Relief [Dkt. # 22] ("the Motion") filed by Wilmington Savings Fund Society, FSB ("Wilmington"), the trustee for Stanwich Mortgage Loan Trust A, the original mortgagee for the real estate at issue here. Both Wilmington and the Debtor have presented oral arguments and supporting briefs. After careful review, the Court finds that the motion is well-taken and should be GRANTED to the extent necessary to pursue foreclosure proceedings against the subject Property, as well as for purposes of striking Proof of Claim #5-1 and of modifying the Debtor's Chapter 13 plan to remove Wilmington

as a creditor. The automatic stay will remain in effect regarding the Debtor's right to possess the Property.

## I. JURISDICTION.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief District Judge L.T. Senter and dated August 6, 1984. This is a "core proceeding" under 11 U.S.C. § 157(b)(2)(A)[1](matters concerning the administration of the estate) and (G) (motions to terminate, annul, or modify the automatic stay).

## II. FACTS

Wilmington is assignee of a deed of trust securing the property located at 624 Pearl Street, Cleveland, MS, 38732 (hereinafter "the Property") as collateral for the indebtedness of Dorothy Blockett, the now-deceased sister of Mackinley Ross who is the Debtor in this case ("the Debtor"). After Ms. Blockett's passing on February 25, 2015, title to the Property passed by intestate succession to her two surviving children, Nekedra R. Blockett and Kenneth L. Blockett, who are the Debtor's niece and nephew. It is undisputed that the Debtor did not inherit any rights to the Property, nor did he establish any sort of mortgagor/mortgagee relationship with Wilmington. Nevertheless, the Debtor did take up residence in the Property pursuant to an informal, unwritten lease agreement between himself and the Blockett siblings. Under this verbal lease agreement, the Debtor would be allowed to live on the Property in exchange for making the mortgage payment and paying land taxes as they came due.

Evidently, the Debtor failed to comply with those informal obligations, and the Property went into default. Wilmington initiated foreclosure proceedings on the Property on April 4, 2018

---

[1] Except where stated otherwise, all subsequent statutory references will be to Title 11 of the U.S. Code.

but discovered that Nekedra Blockett had commenced Chapter 13 proceedings in the U.S. Bankruptcy Court for the Southern District of Mississippi in Case No. 18-10342-SDM ("the Blockett case"). On May 11, 2018, Wilmington filed a Motion for Relief from Stay, a Motion for Relief from Stay (Codebtor), a Motion to Abandon, and a Motion for Adequate Protection in the Blockett case.

In her response to these motions, Blockett conceded that the automatic stay should be lifted as it pertained to the Blockett case, stating:

> DEBTOR agrees that the automatic stay of this bankruptcy should be lifted as to the house at 624 Pearl Avenue, and that the house should be abandoned from her bankruptcy estate. She claims no interest in the property. The house is the property of the bankruptcy estate of her uncle, Mack Ross, in Case No. 18-11356-NPO. Mr. Ross's Plan [Dk#6] provides for his payment of the on-going monthly mortgage payments and the mortgage arrearage. The automatic stay in Mr. Ross's case should remain in place.

See Resp. to Mot. to Lift Automatic Stay [Dkt # 55], *In re Nekedra Blockett*, Case No. 18-10342 (Bankr. N.D. Miss., May 13, 2018).

Subsequently, the Court, Judge Neil P. Olack presiding, issued orders in the Blockett case (one in May 2018 and one in June 2018) that lifted the automatic stay as it pertained to the interests of Nekedra and Kenneth Blockett in the Property. In response, Wilmington renewed its foreclosure proceedings against the Property.

Meanwhile, just a few days after Wilmington first initiated foreclosure proceedings on the Property, the Debtor in the instant case filed for bankruptcy under Chapter 13. In his initial filings, the Debtor listed the Property under Schedule A, describing the nature of his ownership interest as being "with permissive use" and stating "Mr. Ross rents his deceased sister's home. Home is in danger of being forclosed [sic] on. This is Mr. Ross's residence. He has lived there 2 full years." See Chapter 13 Voluntary Pet., Sch. A [Dkt #1], *In re Mackinley Ross*, Case No. 18-11356 (Bankr.

N.D. Miss., April 9, 2018). Although the Debtor indicated on Schedule A that he rented the Property, his Schedule G makes no mention of any rental agreement. The Court notes, however, the verbal rental agreement is between the title owners and the Debtor rather than Wilmington and the Debtor. On July 20, 2018, the Debtor filed a Proof of Claim on behalf of Wilmington.

On September 28, 2018[2], Wilmington filed the instant Motion seeking judicial confirmation that the automatic stay provisions of 11 U.S.C. § 362 do not bar it from pursuing foreclosure remedies against the Property despite the Debtor's current occupation of it. The Motion is specifically styled as a "Motion for Comfort Order Regarding Automatic Stay and For Other Relief." The specific relief requested is for:

> an order confirming the automatic stay of 11 U.S.C. Section 362 provides no protection to the Debtor as to the above property nor as to Movant. Movant further prays that the Proof of Claim [Claim #5-1] be stricken and that the Plan [Dkt. #6] be stricken or in the alternative modified to exclude Movant as a creditor.

Significantly, Wilmington's motion did not request that the stay be lifted as alternative relief if the request for a comfort order was denied. On November 15, 2018, the Court heard oral arguments and testimony from the Debtor and then directed counsel for the parties to brief the relevant issues.

### III. LAW

A.  **Comfort Orders in General.**

"A 'comfort order' is a bankruptcy term of art for an order confirming an undisputed legal result and often is entered to confirm that the automatic stay has terminated." *In re Hill*, 364 B.R. 826, 827, N1 (Bankr. M.D. Fla. 2007). "Comfort orders are a mechanism by which a creditor seeks

---

[2] The Court notes for the record that while Wilmington did not file the Motion until September 28, 2018, it had actual or at least constructive notice of the Debtor's position that the automatic stay applied to the Property as early as May 13, 2018. That was when Debtor's counsel, who is also counsel for Nekedra Blockett, filed a Response on her behalf in the Blockett case premised on that exact argument.

to protect itself from the potential ramifications of acting in violation of the automatic stay by obtaining a cloak of cover from the court." *In re Ermi*, No. 06-60167, 2006 WL 2457144, at *2 (Bankr. N.D. Ohio Aug. 3, 2006). The Court's authority to grant comfort orders such as this one generally derives from the fact that comfort orders often challenge the applicability of the automatic stay, a matter which solely concerns federal bankruptcy law. *See In re Williams*, 545 B.R. 917, 923 (Bankr. S.D. Tex 2016)(evaluating bankruptcy court's constitutional authority to enter final order in light of *Stern v. Marshall*, 564 U.S. 4623, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011)). As the *Hill* court noted:

> Courts traditionally have exercised broad discretion in determining whether to enter comfort orders. The power to issue comfort orders is encompassed within Section 105 of the Bankruptcy Code, which supplies bankruptcy courts with the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

*Hill*, 364 B.R. at 828.

The origins of the term "comfort order" are elusive, but comfort orders are generally sought as declarations from a bankruptcy judge that the automatic stay has been terminated or else never came into existence with regard to some element of bankruptcy case. Comfort orders are usually sought so that the movant can proceed with legal action in some other court (such as, in this case, a foreclosure action in state court). The term "comfort order" does not appear in BAPCPA, but it is referred to conceptually in § 362(j) of the Code, which provides that "[o]n request of a party in interest, the court *shall* issue an order under subsection (c) confirming that the automatic stay has been terminated." § 362(j)(emphasis added). Motions for comfort orders brought under the auspices of § 362(c) are thus mandatory when sought by any party. *Hill*, 364 at 829. *See also In re Murphy*, 346 B.R. 79, 80 (Bankr. S.D.N.Y. 2006):

Section 362(j) of the Bankruptcy Code, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") allows any party in interest to request, by ex parte application, that an order be issued "confirming that the automatic stay has been terminated" pursuant to 11 U.S.C. § 362(c). Section 362(j) provides a very limited and specific type of relief. It does not authorize the Court to make determinations as to other facts or to order other prospective relief, such as whether a particular creditor will be bound by subsequent confirmation of a Chapter 13 plan, or whether a creditor is entitled to an award of attorneys' fees in connection with a Section 362(j) application. The Court's role under Section 362(j) is limited to a review of objective criteria in the public record, and Section 362(j) does not provide for a declaration of any individual creditor's rights.

Here, Wilmington does not suggest that the automatic stay has been terminated as to all parties pursuant to the operation of § 362(c). Rather, Wilmington only seeks an order stating that the automatic stay never came into effect regarding its own specific claim. Thus, under the plain language of the Code, the right to a mandatory comfort order created by § 362(j) does not apply. The Court, however, still retains the discretion to enter a comfort order if warranted by the facts.

  B. **The Automatic Stay as it applies to The Property.**

Generally, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . .

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

§ 362(a)(1-3).

In addition, § 362(b) provides a list of acts or events which do not operate as a stay, none of which appear germane to this case and none of which were cited by Wilmington as a reason for concluding that no stay exists to bar it from foreclosing on the Property.

Wilmington spends considerable effort in challenging whether the Property is part of the bankruptcy estate on the theory that if it is not part of the estate, the automatic stay cannot protect it from foreclosure. Wilmington cites little authority for that argument, relying chiefly on Mississippi cases that reject permissive use of property as a basis for adverse possession. *See generally Moran v. Saucier,* 829 So.2d 695 (Miss. Ct. App. 2002) *and Burnham v. Kwentus*, 174 So.3d 286 (Miss. Ct. App. 2015). More importantly, regardless of whether these cases support Wilmington's position, Wilmington fails to address any of the Debtor's rights to personal protection under the automatic stay as provided by § 362(a)(1) and (2). Even if the automatic stay did not protect the Property from foreclosure, it might still protect the Debtor's possessory interest in the Property. In fact, based on the facts presented thus far, the Court finds that the automatic stay *does* protect the Debtor against an ejectment action by Wilmington against the Property. Such an ejectment cannot be achieved through a Comfort Order but only by successfully obtaining a lift of the stay.

Of course, winning the battle is not the same thing as winning the war. While the Court is persuaded that the automatic stay protects the Debtor's possessory interest in the Property, the Court is not persuaded that the automatic stay protects the Property itself from Wilmington's proposed foreclosure action. *In re Martyak* is instructive. 432 B.R. 25 (Bankr. N.D.N.Y. 2010). There, the court considered whether a violation of the automatic stay had occurred when a prepetition foreclosure sale was held *after* the expiration of New York's two-year redemption

period for foreclosure sales due to unpaid real estate taxes but *before* the filing of the bankruptcy petition. *Martyak,* 432 B.R. at 40. The court held that:

> [s]ince Debtor had no legal or equitable interest in the property as of the commencement of the case, the property did not become property of the estate and the auction held on August 7, 2008, did not violate the automatic stay. Any possessory interest Debtor may have in the property has remained undisturbed, as the parties stipulated that no eviction proceeding was ever commenced against Debtor.

*Id.*

In this case, the Debtor had/has no interest in the Property other than a permissive one. He was not on the title or the deed. He was allowed to reside on the Property through an informal verbal lease agreement with the actual title-holders, who themselves have surrendered their interests to Wilmington. Such a limited possessory interest is insufficient to drag the Property itself into the bankruptcy estate. Moreover, the Court has grave concerns about the central issue in the dispute between the Debtor and Wilmington—namely, whether the Debtor can use the Bankruptcy Code to essentially create a mortgagee-mortgagor relationship out of thin air and then force it upon an unwilling Wilmington over property for which the original mortgagor is deceased and the mortgagor's heirs have already surrendered their interests.

Considering the foregoing, the Court concludes that the Debtor likely retains a personal possessory interest in the Property vital enough to grant the protection of the automatic stay against ejectment from the Property (a relief which Wilmington does not presently pursue). However, the total absence of any legal or equitable property interest in the *title* to the Property means that it is not a part of the bankruptcy estate for purposes of shielding it from foreclosure by way of the automatic stay. Accordingly, a Comfort Order is appropriate for that limited purpose.

## V. CONCLUSION AND ORDER

Based on the foregoing analysis and case law, it is hereby ORDERED that the Motion for Comfort Order Regarding Automatic Stay and For Other Relief is GRANTED to the extent necessary to pursue foreclosure proceedings against the subject Property. It is further ordered that the Proof of Claim entered on Wilmington's behalf by the Debtor [Proof of Claim #5-1] shall be stricken and that the Debtor's plan shall be modified to remove Wilmington as a creditor. The automatic stay shall remain in effect regarding the Debtor's right to possess the Property.

##END OF ORDER##